IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| REBOOT MACON, LLC, *et al.*, )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, *et al.*, )<br>)<br>)<br>Defendants. )<br>_____) | CIVIL ACTION NO. 5:21-cv-221 (MTT) |

## ORDER

Plaintiffs Reboot Macon, LLC, and Per Diem Market, LLC, contend the Small Business Administration ("SBA") failed to fund their applications for relief under the Restaurant Revitalization Fund ("RRF") based solely on the sex of their owner. Docs. 32 ¶ 58; 33 ¶ 67. The government moved to dismiss, and before that motion was fully briefed, the plaintiffs moved to amend. Docs. 16; 25. The Court granted the plaintiffs' motion to amend, and because the amended complaints did not moot the government's motion to dismiss, evaluated the government's motion to dismiss against the plaintiffs' proposed second amended complaints. Doc. 31 at 1 n.1. The Court granted the government's motion in part and allowed only the plaintiffs' constitutional claims for injunctive relief against the SBA and SBA Administrator Guzman in her official capacity to proceed. *Id.* at 13. One week later, both Reboot and Per Diem filed their second amended complaints and served the same on the government. Docs. 32; 33; 34; 35.

The government moved to strike the plaintiffs' second amended complaints because the "as-filed" complaints were not identical to the proposed complaints. Doc. 36 at 2-3. Simultaneously, the government moved for a more definite statement

because "the second amended complaints d[id] not address the elements required to obtain permanent injunctive relief, nor d[id] they identify a sovereign immunity waiver or private right of action enabling the plaintiffs to obtain such relief against the federal government." *Id.* at 3.  The Court denied both motions and ordered the government to respond to the operative complaint within twenty-one days.  Doc. 40.  The government did so with a motion to dismiss for lack of subject matter jurisdiction, this time arguing the plaintiffs' remaining claims must be dismissed because the plaintiffs cannot sue the federal government "without citing an explicit waiver of sovereign immunity," the same argument raised in their Federal Rule of Civil Procedure 12(e) motion.  Docs. 36; 43; 43-1 at 8.  The plaintiffs argued that the government was only permitted to file answers in response to their second amended complaints, and that a second motion to dismiss was therefore procedurally improper.  Doc. 44 at 2-3.  Because the government failed to file an answer within twenty-one days of the Court's order, the plaintiffs then moved for default judgment.  Doc. 45.

The government's motion is ambiguous.  On the one hand, it purports to be filed pursuant to Federal Rule of Civil Procedure 12(b)(1), but on the other, it contends the plaintiffs fail to *plead* a basis for waiver of sovereign immunity, an argument seemingly more suited to a 12(b)(6) motion.  *See* Doc. 43-1.  In any event, the government relies on *F.D.I.C. v. Meyer* for the proposition that "'[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.'"  *Id.* at 6 (quoting 510 U.S. 471, 475 (1994)).  True, but *Meyer* only addressed whether monetary damages were properly awarded against the Federal Savings and Loan Insurance Corporation for a violation of the plaintiff's Fifth Amendment due process rights.  *Meyer*, 510 U.S. at 474-75.  Monetary damages are not at issue here.  The only claims in play, as the

government acknowledges, are the plaintiffs' claims for "injunctive relief under the Fifth Amendment's equal protection guarantee."  Doc. 43-1 at 7.  Because the government, at least nominally, contends the Court lacks subject matter jurisdiction, the government shall amend its brief **by August 26, 2022**, and explain why the Court lacks subject matter jurisdiction to entertain constitutional claims against the government for injunctive relief.

The plaintiffs, on the other hand, did not substantively respond to the government's motion.  *See* Doc. 44.  The plaintiffs shall substantively respond, in one consolidated brief, to both the government's initial brief and the government's supplemental brief **by September 2, 2022**.  The government may reply, if it chooses to do so, **by September 9, 2022**.

With respect to the plaintiffs' motion for default judgment, entry of default and default judgment is appropriate only when a defendant "has failed to plead or otherwise defend" an action against it.  Fed. R. Civ. P. 55(a)-(b).  Nothing in the Federal Rules of Civil Procedure or the Court's order for a *response* precluded the government from filing a motion to dismiss on jurisdictional grounds.  Accordingly, the plaintiffs' motion for default judgment (Doc. 45) is **DENIED**.

As for the plaintiffs' motion for a preliminary injunction (Doc. 47), that motion shall be briefed in accordance with the local rules.[1]  Given the above, the government's

---

[1] Again, it seems unlikely that the SBA's decision to stop processing priority applications in response to lawsuits which challenged the constitutionality of the priority afforded some applicants was facially discriminatory.  Doc. 42 at 8:9-19.  "A facial challenge is really just a claim that the law or policy at issue is unconstitutional in all its applications*.*"  *Bucklew v. Precythe*, 139 S. Ct. 1112, 1127 (2019).  Even if the SBA's actions were not facially discriminatory, the plaintiffs may still prevail by showing invidious discrimination.  *See Washington v. Davis*, 426 U.S. 229, 241 (1976).  However, the Court notes that "[d]etermining whether invidious discriminatory purpose was a motivating factor demands a sensitive inquiry into such circumstantial and direct evidence of intent as may be available."  *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266 (1977).  Relevant evidence of intent may include any disproportionate impact of the challenged law or policy, the historical background of the decision, any

motion for an extension of time to submit a proposed scheduling/discovery order (Doc. 46) is **DENIED**.  The parties shall submit their proposed order by August 22, 2022, as previously directed by the Court.

**SO ORDERED**, this 18th day of August, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

departures from normal procedures, or legislative or administrative history.  *Id*. at 266-68; *League of Women Voters of Fla., Inc. v. Fla. Sec'y of State*, 32 F.4th 1363, 1373 (11th Cir. 2022).